IN THE COURT OF COMMON PLEAS, MEIGS COUNTY, OHIO

Hunter Reed,
65904 State Route 124
Reedsville, Ohio 45772,

and

James Reed,
65904 State Route 124
Reedsville, Ohio 45772,

and

Terry Reed,
65904 State Route 124
Reedsville, Ohio 45772

      Plaintiffs,

  vs.

Frank Bove,
181 Sugar Run Road
Eighty Four, Pennsylvania 15330,

and

John Doe or Jane Doe 1-5
Name and Address Presently Unknown

      Defendants.

Case No.: 17-CV-010

**COMPLAINT (WITH JURY DEMAND ENDORSED HEREON)**

## FIRST CLAIM

1. The Plaintiff, Hunter Reed, was at the time of the incident described hereafter a minor and the child of James Reed and Terry Reed, whose date of birth is July 2, 1998.

2. At the time of the above incident and until his 18th birthday, James Reed and Terry Reed, were guardians and next friends of the said Hunter Reed, a minor.

3. The Defendant, Frank Bove, was at the time of the above incident an adult.

4. The Plaintiffs', James Reed and Terry Reed, were at the time the owners of certain real estate situated in Olive Township, Meigs County, Ohio, which they were offering for sale and for which the Defendant desired to travel to Meigs County from his home in Pennsylvania to visually inspect the acreage.

5. On several occasions prior to his traveling to Meigs County, he discussed the terms of the purchase with James Reed and/or Terry Reed. The Defendant was interested in purchasing the real estate for the purpose of recreation and more specifically hunting.

6. During several conversations with James and/or Terry Reed, he was informed that the real estate was located in rural southern Ohio, the terrain of which was very hilly and rugged. He was informed on those occasions that it would require an all-terrain vehicle or a four-wheel-drive to traverse the premises to obtain an adequate inspection of the property, unless he desired to do this inspection on foot.

7. On several occasions prior to his actually coming to the offered real estate, he was told that he would need to bring his own all-terrain vehicle, unless he wanted to walk this hilly and rugged terrain.

8. On or about the 22nd day of April, 2015, James Reed spoke with the Defendant, who informed him that he would be coming to view the property the

next day and was again informed at that time he should bring an all-terrain vehicle. The Defendant acknowledged that he would do so. He was also informed by James Reed, that James would not be available for the inspection, but that his minor son, Hunter Reed, the Plaintiff would be available to show him the real estate.

9. On the next day, specifically April 23, 2015, Hunter Reed, stayed home from school to facilitate the showing of this real estate.

10. The Defendant came to the residence of the Plaintiffs on the 23rd day of April, 2015, to perform an inspection, but failed to bring with him a ATV or any vehicle capable of traversing the hilly and rugged terrain.

11. He was informed by Hunter Reed and Terry Reed, the ATV that Hunter intended to use, would only safely hold one rider and there were specific warnings placed by the manufacturer to this effect that were clearly visible to the Defendant.

12. These warnings were specific and said "Warning, NEVER ride as a passenger. Passengers can cause a loss of control, resulting in SEVERE INJURY or DEATH".

13. In an effort to accommodate the Defendant, Hunter Reed, went to the residence of several neighbors and/or relatives to attempt to locate an ATV that the Defendant could use for the inspection. However, his efforts were unsuccessful.

14. Hunter and Terry Reed also offered the use of a smaller ATV, which the Reeds owned, but the Defendant declined to use for the inspection stating it was too small.

15. The Defendant then boarded the ATV driven by Hunter Reed and said he would ride there and inspect the property.

16. Hunter Reed being a minor, who was raised to respect his elders, did as the Defendant said and started driving towards the real estate.

17. At the time of the boarding by the Defendant on the ATV, the Defendant was aware that the vehicle was to be occupied by only one (1) person and not two (2).

18. Moreover, the Defendant was an experienced hunter, was the owner of an ATV himself and a very experienced driver of ATVs. He was fully aware of the written warnings on the vehicle and was aware that his presence as a second rider greatly increased the risk of loss of control of the vehicle.

19. The Defendant, Frank Bove, because of his age, size, maturity, experience in combination with the youth and inexperience, the respectful and compliant nature of Hunter Reed allowed the Defendant to commandeer the ATV to his own purpose.

20. The actions of the Defendant overcame the Plaintiff, Hunter Reed's ability to resist.

21. As a result of the actions of the Defendant, Hunter Reed, drove the ATV towards the premises to be inspected. While the ATV was being driven down a hill, the Defendant became agitated, excited and/or attempted to take control of the same.

22. As a result of the actions of the Defendant, the vehicle crashed causing severe injury to the Hunter Reed, including but not limited to his suffering a crushed spleen, massive loss of blood, near fatal injuries, loss of consciousness, extreme pain

and suffering both past, present and future, surgery to remove the spleen and past present and future disability and permanent scarring.

23. After the crash, which rendered Hunter Reed unconscious for a period of time, the Defendant left the scene of the crash and walked back to the residence of the Plaintiff.

24. The Defendant then called the Plaintiff, James Reed, and informed him that there had been a crash, that the Plaintiff, Hunter Reed, was unconscious and that he the Defendant did not know if James Reed's child was alive or dead.

25. The Plaintiffs', James Reed and Terry Reed, have suffered great emotional distress as a result of the conduct of the Defendant as a result of his actions.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

26. The Plaintiff, Hunter Reed, incorporates the allegations set forth in Paragraphs One through Twenty-Five as if fully rewritten herein.

27. As a result of the negligence of the Defendant, Frank Bove, the Plaintiff suffered the injuries set forth above.

## SECOND CAUSE OF ACTION
## PUNITIVE DAMAGES

28. The Plaintiff incorporates the allegations set forth in Paragraphs One through Twenty-Seven as if fully rewritten herein.

29. The actions of the Defendant, Frank Bove, were wanton, reckless, willful and intentional and with heedless indifference to the safety of the Plaintiff, Hunter Reed,

at the time of boarding the ATV.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CAUSED BY THE DEFENDANT, FRANK BOVE

30. Plaintiffs, James Reed and Terry Reed, incorporate the allegations set forth in Paragraphs One through Twenty-Nine as if fully rewritten herein.

31. As a result of the actions of the Defendant, Frank Bove, the Plaintiffs, James Reed and Terry Reed, have suffered great worry, anguish and emotional distress.

### FOURTH CAUSE OF ACTION
### CONSORTIUM CLAIM BY PARENTS

32. Plaintiffs, James Reed and Terry Reed, incorporate the allegations set forth in Paragraphs One through Thirty-One as if fully rewritten herein.

33. As a result of the actions of the Defendant, Frank Bove, James Reed and Terry Reed, have incurred expenses for their son's treatment.

34. Further, the Plaintiffs', James Reed and Terry Reed, have been deprived of the care, consortium and companionship of their minor child, Hunter Reed.

WHEREFORE, the Plaintiff, Hunter Reed, prays for judgment against the Defendants, Frank Bove, and John Doe or Jane Doe 1-5, jointly and severally, for Compensatory Damages in the amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and Punitive Damages to be determined by a Jury, Attorneys Fees, along with costs, interest from the date of the accident and all other appropriate relief.

The Plaintiffs, James Reed and Terry Reed, pray for Compensatory Damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and Punitive Damages to be determined by a jury, Attorney Fees, along with costs, interest from the date of the accident and all other appropriate relief.

Respectfully submitted,

Steven L. Story (0009320)
216 East Main Street, Suite 200
P.O. Box 72
Pomeroy, Ohio 45769
Telephone: (740) 992-6624
Facsimile: (740) 992-4249
Email: sstory@storylawoffice.net
Attorney for Plaintiffs

**DEMAND FOR JURY**

The Plaintiffs herein demand a trial by jury on all issues of this cause.

Steven L. Story (0009320)
Attorney for Plaintiffs