IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HUNTER REED, *et al.*,      :
                            :
      Plaintiffs,      :    Case No. 2:17-cv-168
                            :
v.                          :    JUDGE ALGENON L. MARBLEY
                            :
FRANK BOVE,                 :    Magistrate Judge Vascura
                            :
      Defendant.       :

## OPINION & ORDER

This matter is before the Court on Defendant Frank Bove's Motion for Summary Judgment. (ECF No. 33). For the reasons set forth below, Defendant's Motion is **DENIED**.

### I.    BACKGROUND

#### A. Factual Background

This case arises from an ATV accident in Meigs County, Ohio. On April 23, 2015, the Defendant, Frank Bove, arrived at James and Terry Reed's property. Mr. Bove was interested in purchasing some of the Reeds' property and had gone to view it. Because Mr. Reed was unavailable to meet Mr. Bove and show him the property, Mr. Reed's minor son, Hunter, met Mr. Bove instead. (ECF No. 3 at ¶¶ 4–8).

The Reed's property is quite expansive and is best explored by ATV. The Reeds allege that they told Mr. Bove he would need to bring an ATV with him when he visited the property. Mr. Bove did not do so. (ECF No. 3 at ¶¶ 6–10). Hunter Reed had one ATV available and looked for another ATV when Mr. Bove arrived. (Id. at ¶¶ 11, 13). Finding only one ATV, Reed and Mr. Bove decided they would both ride the same ATV. Reed was sitting in the front and was driving the ATV. (ECF No. 33-1 at 2; ECF No. 3 at ¶ 21). Reed and Mr. Bove

1

descended a hill, and Reed lost control of the ATV. Reed alleges that Mr. Bove "became agitated, excited and/or attempted to take control of the" vehicle. (ECF No. 3 at ¶ 21). The ATV crashed and both Bove and Reed were injured.

### B. Procedural Background

Hunter Reed, James Reed, and Terry Reed sued Mr. Bove and other unidentified defendants in the Meigs County Court of Common Pleas in January 2017. Hunter Reed claimed compensatory and punitive damages against the Defendants for negligence. Terry and James Reed claimed damages for negligent infliction of emotional distress and loss of consortium. Defendant Bove filed a Notice of Removal to this Court on February 27, 2017. (ECF No. 1). Mr. Bove sought removal under this Court's diversity jurisdiction.

Mr. Bove then filed a Motion for Summary Judgment. (ECF No. 33). James and Terry Reed dismissed their claim for negligent infliction of emotional distress. (ECF No. 41). The Motion for Summary Judgment is fully briefed and ripe for review.

## II. STANDARD OF REVIEW

A motion for summary judgment is governed by the requirements of Federal Rule of Civil Procedure 56. Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013).

The party seeking summary judgment bears the initial burden of presenting law and argument in support of its motion as well as identifying the relevant portions of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If the moving party satisfies this initial burden, then the nonmoving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

Summary judgment is inappropriate, however, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). The mere existence of a scintilla of evidence in support of the opposing party's position is not enough to survive summary judgment; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson*, 477 U.S. at 251; *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). It is proper to enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the nonmoving party has "failed to make a sufficient showing on an essential element of her case

with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322 (quoting *Anderson*, 477 U.S. at 250).

### III.     LAW & ANALYSIS

Mr. Bove filed a Motion for Summary Judgment on three grounds: (1) the Reeds were required to file any claims against him as compulsory counterclaims in his earlier-filed state lawsuit, (2) Mr. Bove is entitled to summary judgment on the merits of the claim because he did not cause the accident, and (3) the negligent infliction of emotional distress claims should be dismissed. (ECF No. 33-1 at 6). This last argument is now moot because the Reeds have voluntarily dismissed their negligent infliction of emotional distress claim.

Mr. Bove invoked this Court's diversity jurisdiction upon removal of this action from state court. Although neither party has challenged this Court's subject-matter jurisdiction over the case, subject-matter jurisdiction is an issue that a court must raise *sua sponte* and may do so at any time during the litigation. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884), for the proposition that "challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*")); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (noting the obligation of federal courts to consider subject-matter jurisdiction requirements). A federal court has diversity jurisdiction if the opposing parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Diversity of citizenship is met if the parties are "citizens of different States." *Id.* at (a)(1). Here, Mr. Bove is a citizen of Pennsylvania, and the Reeds are citizens of Ohio. (ECF No. 1).

The issue in Mr. Bove's Notice of Removal is the amount in controversy requirement. A case may be removed from state "to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)). A party "seeking to remove an action to federal court [must] show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). In determining the amount in controversy in a case removed to federal court, this Court looks to "the damages sought by Plaintiffs in their original complaint." *Id.* at 573. The original complaint contained the following claim for damages:

> WHEREFORE, the Plaintiff, Hunter Reed, prays for judgment against the Defendants, Frank Bove, and John Doe or Jane Doe 1-5, jointly and severally, for Compensatory Damages in the amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and Punitive Damages to be determined by a Jury, Attorneys Fees, along with costs, interest from the date of the accident and all other appropriate relief.
>
> The Plaintiffs, James Reed and Terry Reed, pray for Compensatory Damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and Punitive Damages to be determined by a Jury, Attorney Fees, along with costs, interest from the date of the accident and all other appropriate relief.

(ECF No. 1 at 7–8).

In determining the amount in controversy, "courts can consider punitive damages, and statutorily-authorized attorney fees." *Hampton v. Safeco Ins. Co. of America*, 614 F. App'x 321, 323 (6th Cir. 2015) (unpublished) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168–69 (6th Cir. 1975); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007)). Generally, "attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute

5

mandates or expressly allows the payment of such fees." *Williamson*, 481 F.3d at 376. Here, "[n]either party has directed this Court's attention to a . . . statute that mandates or expressly allows for attorneys' fees . . . ." *Pollock v. State Farm Mut. Auto Ins. Co.*, No. 2:11-CV-0581, 2011 WL 5075815, at *2 (S.D. Ohio Oct. 26, 2011) (Marbley, J). In such a case, it is proper to consider only compensatory and punitive damages and exclude attorney fees. *Id.*

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Before a plaintiff can recover punitive damages, the plaintiff must show "by clear and convincing evidence, . . . that the plaintiff is entitled to recover punitive or exemplary damages," Ohio Rev. Code Ann. § 2315.21(D)(4). Punitive damages are not appropriate unless "(1) [t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, . . . [and] (2) [t]he trier of fact has returned a verdict or has made a determination" as to the specific amount of compensatory damages due the plaintiff. *Id.* at § 2315.21(C).

Reed has claimed negligence. But even "a claim based on negligence can provide the basis for an award of punitive damages if there is an adequate showing of actual malice." *Burns v. Prudential Securities, Inc.*, 857 N.E.2d 621, 647 (Ohio Ct. App. 2006). Actual malice can be shown in two ways: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987). The Reeds

have pleaded that Mr. Bove knew that he needed to bring an ATV with him to the property, that he failed to do so, and that he then insisted on riding the only ATV available with Hunter Reed despite the warnings posted on the ATV that it was only safe for one person to ride the vehicle. (ECF No. 1 at ¶¶ 6–20). Thus, it is not apparent to a legal certainty that punitive damages would be unavailable.

Ohio caps punitive damages in tort actions against individuals to "two times the amount of the compensatory damages," or ten percent of an "individual's net worth when the tort was committed," whichever is lower. Ohio Rev. Code Ann. § 2315.21(D)(2)(b). Hunter Reed has alleged over $25,000 in compensatory damages. So have James and Terry Reed. Under Ohio law, Hunter, James, or Terry could recover double this amount in punitive damages. This would satisfy the requirement to allege more than $75,000 in controversy. But ten percent of Mr. Bove's net worth could be below $50,000 and therefore cap punitive damages below $50,000. This Court has no evidence of Mr. Bove's net worth. While it is possible that the damages alleged amount to more than $75,000, this Court finds it equally likely that the alleged damages would not amount to more than $75,000. These equally likely alternatives, however, mean that Mr. Bove has not met his requirement to show by a preponderance of the evidence that there is more than $75,000 in controversy.

Because Mr. Bove has not shown by a preponderance of the evidence that this Court has jurisdiction, Defendant's Motion for Summary Judgment is **DENIED.**

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED.** Defendant is **ORDERED to SHOW CAUSE** on or before **April 19, 2019** as to why this case

7

should not be remanded to the Meigs County Court of Common Pleas. If Defendant is able to show by preponderance of the evidence that the amount in controversy exceeds $75,000, he may renew his Motion for Summary Judgment at such time. Plaintiffs may also seek to amend their Complaint.

    **IT IS SO ORDERED.**


    **s/Algenon L. Marbley**
    **UNITED STATES DISTRICT JUDGE**

**DATE: March 28, 2019**